JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINDON FOODS CORP. a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CONICA GIFT TRUST a California trust; and PACIFIC KIDZ COMPANY, a California company,<br><br>    Defendants. | CASE NO. SACV13-877 CJC (RNBx)<br><br>**STIPULATED PERMANENT INJUNCTION**<br><br>Judge:    Hon. Cormac J. Carney |
| AND RELATED COUNTERCLAIMS | |

Plaintiff and counterdefendant DinDon Foods Corp. ("DinDon") and defendants and counterclaimants Conica Gift Trust ("Conica") and Pacific Kidz Company ("Pacific") (together, the "Pacific Parties" or "Pacific Party"), consenting to personal jurisdiction, subject matter jurisdiction, and venue in this District Court, and pursuant to the Stipulation for Entry of Permanent Injunction ("Stipulation") that

1  DinDon and the Pacific Parties have filed in this action, hereby stipulate and consent
2  to the entry of the following Permanent Injunction.

3
4         IT IS HEREBY ORDERED THAT:
5         1.      This Court has jurisdiction over the subject matter of this action,
6  DinDon, and the Pacific Parties.
7         2.      The Pacific Parties, and each of them, and each of their respective
8  officers, directors, agents, servants, employees, parents, subsidiaries, affiliates and
9  successors, and all those in active concert or privity with the Pacific Parties, are
10 permanently enjoined from, *subject to the limitations and conditions set forth herein*,
11 making, using, offering to sell, selling, advertising, marketing, distributing,
12 transporting, or importing into the United States, including its territories and
13 possessions (the "U.S."), or assisting anyone in doing any of the foregoing, a fruit
14 jelly product in particular packaging (including a particular style and design of cup),
15 which the Pacific Parties call Jiggli Jelz®, in the form depicted in the photographs
16 below (the "Accused Product"),

  

22 the specific shape and design of the cup depicted above (the "Accused Cup"), or any
23 other product employing the cup covered by the U.S. Patent No. D 644,924 (the
24 "DinDon Patent") or the trade dress for DinDon's Squizel® product, which is
25 comprised of each and all of the following elements: (1) the clear plastic used for the
26 cup; (2) the flower-like shape and design of the base of the cup, as disclosed in the
27 DinDon Patent; (3) the shape and material of the foil label/lid of the cup; (4) the use

PRINTED ON
RECYCLED PAPER
LA 11326981v3

of character images on the label/lid of the cup; and (5) the use of images of fruit on the label/lid of the cup (the "Trade Dress") (together, the "Permanent Injunction").

3. Notwithstanding the foregoing, neither the Permanent Injunction nor the confidential agreement entered into between DinDon and the Pacific Parties on October 6, 2014 to settle this action (the "Settlement Agreement") shall apply to or cover the cup disclosed by U.S. Patent No. D 705,064 S ("Conica's Patent") or any cup other than the Accused Cup.

4. Further, provided that they do not employ the Accused Cup, the Pacific Parties shall not be precluded or prevented from, and nothing in the Settlement Agreement or the Permanent Injunction shall preclude or prevent the Pacific Parties from, making, using, offering to sell, selling, advertising, marketing, distributing, transporting, or importing into the into the U.S. any product using the label/lid on the Accused Cup, the jar container for the Accused Product, or the labels or lid on the jar container for the Accused Product, examples of which are depicted in the photographs below:

  

5. Except as otherwise provided for herein, the above-captioned action, including counterclaims, is dismissed with prejudice between Plaintiff and Defendants, each party to bear its own costs and attorneys' fees.

Dated: October 14, 2014

_____
Hon. Cormac J. Carney
United States District Court Judge